IN THE

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Krishna Mote
    Petitioner

Vs.

The Middle District
Court Of Pennsylvania
    Respondent

MOTION FOR WRIT OF MANDAMUS

PURSUANT TO USC §1361

IN LIGHT OF UNITED STATES V WRIGHT/ DEGEN

Now comes the Petitioner Krishna Mote that states the following: the Petitioner claims that the Middle District Court went outside of the boundaries of its inherent powers, by dismissing without prejudice the Petitioner civil action under the **Fugitive Disentitlement Doctrine**. Furthermore the petitioner will demonstrate that the Middle District Court was aware that the Petitioner Civil Action didnot meet the standard procedural provisions of the Fugitive Disentitlement Doctrine, and reopen the Petitioner Civil Action and dismissed the Action with Prejudice without addressing the merits of the claim.

## PRELIMINARY PRO-se STATEMENT

The Petitioner has prepared this Writ of Mandamus Motion without the benefit of professional Counsel as a pro-se Prisoner litigant. The petitioner would invoke the liberal construction of pleadings standard under Haines v. Kerner 404 us 519, 520-521 (1972)

## Jurisdiction

The United States District Court has Jurisdiction under 28 USC §1332.

(2)

## PROCEDURAL HISTORY

On August 27, 2007 the Petitioner attorneys Brian E. Appel, and Stephen M. Wagner, filed the Petitioner civil Action Against Captain James Murtin and unknown state troopers at that time. see case no: 4:07-cv-1571. On February 2009 the Middle District Court dismissed the Petitioner Civil rights Action without prejudice under the fugitive disentitlement doctrine. On September 25, 2017 the Petitioner presented a rule 60(b)(6) motion addressing the civil rights violation under the Fugitive Disentitlement doctrine. The Middle District Court didnot address his 60(b)(6) motion to his knowledge. On January 17, 2020 the petition civilrights action was reopened (see case no:3:20-cv-92) However without addressing the claim The Middle District Court dismissed the civil action against Captain Murtin and said state troopers with Prejudice. On February 20 2020. The petitioner appealed the Judgment. On august 25, 2020 the Third Circuit Court of Appeals affirmed. On September 23, 2020 the Petitioner his petition for Writ of certiorari. On January 11, 2021 the Petitioner Writ of Certiorari was denied. Let the record show the Petitioner has completed the administrative process and the abuse of discretion by the Middle District Court is in Question. And the Third prong of the Writ of mandamus is satisfied because no other adequate remedy is available.

## STATEMENT OF FACTS

Now comes the Petitioner Krishna Mote that state the following: The Petitioner claim that his civil rights, and Due process of law was violated by the Middle District Court of Pennsylvania. The petitioner is submiting this motion for Writ of Mandamus to challenge the Prejudice by the Middle District Court who dismissed the Petitioner Civil action without prejudice under the fugitive disentitlement doctrine, and when reopening the Petitioner civil action, against Captain James Murtin, Trooper powell, Trooper Yown, Trooper Barry Brinser, Trooper Peter Salerno, Trooper Craig Rodrigues, Trooper Matthew Tredor, Trooper Gregory Daley, and Detective Jack Gill. The Middle District Court dismissed the Petitioner civil action with prejudice, which was the Administrative duty for the Court to investergate the Petitioner claim to decide on the merits citing United States v Wright 776 F.3d 134, 146 (3rd. cir. 2015). A District Court abuse its discretion if its decision rest upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact . citing Pierce v underwood 487 US 552, 560, 108 S. Ct. 2541 101 L. ed. 2d. (1988). Now the Petitioner will reflect back to the record. In the District Court Opinion (civil no: 4:07-cv-1571 July 11, 2008) by Jude jones, during the Discussion: Quote" In the report, Magistrate Judge Blewitt recommends, inter alia; said recommondation, the Magistrate Judge reasons that the ground relied upon in the motions the fugitive disentitlement doctrine bars the instant action. The Middle District cited Degen v United States 517 US 820, 116 S. ct. 1777, 135 L. ed. 2d. 102(1996) to justify the dismissal under the fugitive disentitlement doctrine.In Degen the Supreme Court unanimously held that the disentitlement doctrine does not allow a Court in a civil forfeiture suit to enter judgment against a claimant because he is a fugitive from, or other wise is resisting

(4)

a related crimial prosecution. The Court reached this decision by reviewing the following underlying justifations for the disentitlement doctrine (1) risk of delay or frustration in determining the merits of the claim (2) danger that the judgment in the civil case will be unenforceable (3) risk of comproming the criminal prosecution by use of civil discovery mechanisms (4) the need to redress the indignity visited upon the court by a fugitives absence and (5) the need to deter flight from criminal prosecution. The fugitive disentitlement doctrine didnot apply to the Petitioner for the following reason, the Petitioner Krishna Mote was incontact with the Middle District Court while proceeding pro-se during his civil action. Moreover the Middle District Court also stated"that the Petitioner was charged on April 4, 2007 with co-conspirators, and that an incident of a crime took place on January 10, 2007 that was some how connected to the January 23, 2007 excessive force claimby the Petitioner civil action that was filed on August 27, 2007. During the time of January 23, 2007 after the Petitioner was shot, and beaten by said Troopers who was supervised by Detective Jack Gill and Captain Murtin. The Petitioner was released from police custody, and was not charged with a crime. And due to the petitioner not being in custody, how can the Fugitive Disentitlement doctrine be justification for an Dismissal. See Perko v Bowers 945 f.2d 1038 8th cir. (1991) In perko the Court stated"we refused to allow dismissal, pursuant to the fugitive disentitlement doctrine in a civil suit brought by a criminal defendant. Traditionally under this doctrine a criminal defendant forfeits his right to Appeal once he removes himself from the Courts power and process by escaping custody and remaining at large during the pendency of his appeal. citing Ortega-Rodriguez v United States 507 US 234, 242 122 L. ed. 2d. 581 113 S. ct. 1199 (1993).

(5)

A party seeking the issuance of a Writ of Mandamus must have no other adequate means to attain the relief he desires, and must show that the right to issuance of the writ is clear and indisputable. citing Roche v. Evaporated Milk Association 319 US 21, 26, 63 S. ct. 938, 941 87 L. ed. 1185 (1943). The middle District Court used Degen v united States (116 S. ct. 1777-1996) as the foundation to the dismissal of the Petitioner civil action under the fugitive disentitlement doctrine, and by using Degen the district Court knew that the Petitioner civil action could be in Question when said defendants motion the Court to dismiss the civil action under the fugitive disentitlement doctrine And due to the Middle District Court allowing this unlawful action to dismiss the Petitioner civil rights complaint, prejudice the Petitioner rights to due process of Law. As this Honorable Court view the record the Petitioner pray that the facts will be discovered when he was not in custody (after the assult) see exhibit-k, second the Petitioner remained in his home in Philadelphia for three years (2007 to 2010) without a marshal making an arrest, and didnot try to flee the country to try to avold prosecution . see exhibit-e-2 and also the Petitioner stayed incontact with the middle District Court during his civil litigation see exhibit-A1.

## IN CONCLUSION

The Petitioner pray that this Honorable Court will take notice of the prejudice on the record, and that the middle District court made an error that violated the Petitioner civil rights. Wherefore the Petitioner pray that the Court will reinstate his civil rights claim.

## CERTIFICATE OF SERVICE

I Krishna Mote state" that this Petition for Writ of Mandamus hereby certify that a true and correct copy of this foregoing instrument has been mailed postage prepaid to the clerk of The Middle District Court, at 235 north Washington ave Scranton, Pa. 18503 on this _13_ day of _April_ 2021.

I declear under penalty of perjury that the foregoin is true and correct pursuant to 28 USC §1746.

Respectfully Submited

_Krishna Mote_
Krishna Mote-683-77-067
Schuylkill prison Camp
P.O.Box 670
Minersville, Pa. 17954

Krishna Mote - 68377-067
Federal Prison Camp Schuylkill
P.O. Box 670
Minersville, Pa. 17954

**RECEIVED SCRANTON**
APR 19 2021
PER [signature]
DEPUTY CLERK

68377-067
Peter J Welsh Clerk Sr.
Clerk
235 N Washington AVE
Scranton, PA 18501
United States

CERTIFIED MAIL
7014 1640 0001 0590 2248

U.S. POSTAGE PAID
FCM LG ENV
MINERSVILLE, PA 17954
APR 15, 21
AMOUNT $0.00
R2305K141057-10










